1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER LAUBE,<br><br>Defendant. | Case No.:  2:18-cr-00759-CJC<br><br>ORDER DENYING APPLICATION FOR REVIEW/ RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION<br>(ECF NO. 63) |

12
13
14
15
16
17

**I.**

18
19         On October 24, 2018, Defendant Tyler Laube ("Defendant") made his initial

20   appearance in this district on the Complaint filed in this matter, Case No. 2:18-MJ-

21   02791-3.  The Court appointed Jerome Haig, a member of the Indigent Defense

22   Panel, to represent Defendant.

23         The Court made a detention determination based on motion by the

24   Government in a case involving a serious risk that Defendant would flee.  The

25   Court concluded that the Government was not entitled to a rebuttable presumption

26   that no condition or combination of conditions reasonably would assure the

27   Defendant's appearance as required and the safety of any person or the community

28   [18 U.S.C. § 3142(e)(2)].

The Court found that no condition or combination of conditions reasonably would assure the appearance of the Defendant as required at future proceedings. The Court based its conclusion regarding the risk of Defendant's non-appearance on the following factors:

- Defendant's failure to provide information to Pretrial Services
- Defendant's limited bail resources
- Defendant's current probation status
- Defendant's limited economic ties to the community
- Defendant's lack of truthfulness to Pretrial Services regarding his residence
- Defendant's criminal history, including disobeying prior court order
- Defendant's admitted violent altercation in the Huntington Beach incident
- Defendant's association with a violent White Supremacist organization

Based on the foregoing, the Court ordered Defendant committed to the custody of the Attorney General pending trial.

## II.

On November 14, 2018, Defendant applied for reconsideration of the Court's October 25, 2018 detention order and requested a hearing. The application was based on the following facts not previously considered by the court:  a proffer of seven affidavits of surety, each in the amount of $25,000.00 for a total of $175,000.00, to be signed by the following persons:

- Steven Flores – Defendant's step-father
- Sharon Hudson – Defendant's grandmother
- Sharon Dyer – Defendant's former boss
- Renee Laube – Defendant's mother

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Christina Harris – Defendant's friend
- Branden Homan – Defendant's friend
- Madison Decker – Defendant's girlfriend

The Court held a hearing on November 20, 2018.  Defendant was represented by his counsel, Jerome Haig. In addition to the seven affidavits of surety, Defendant proffered at the hearing the entering of his guilty plea as a further basis for reconsideration of the Court's October 25, 2018 detention order.

The Court finds that there exists no condition or combination of conditions that reasonably will assure the appearance of the Defendant as required at future proceedings.  The Court based its conclusion regarding the risk of Defendant's non-appearance on the following factors:

- Defendant's guilty plea itself creates a strong temptation for Defendant to flee to avoid his imminent incarceration;
- Defendant's admitted violent altercation in the charged Huntington Beach incident and participation in a conspiracy, all of which occurred while Defendant was on probation;
- Defendant's post-arrest refusal to cooperate with authorities by refusing to provide information to Pretrial Services;
- Defendant's earlier untruthfulness to Pretrial Services regarding his residence;
- Defendant's current probation status;
- Defendant's limited economic ties to the community;
- Defendant's criminal history, including disobeying prior court order;
- Defendant's association with a violent White Supremacist organization;
- The lack of information regarding five of the seven proffered affidavits of surety (Sharon Hudson, Sharon Dyer, Christina Harris, Branden Homan, Madison Decker), including the net worth of those

3

affiants, their current earnings, and their understanding of the meaning of acting as a surety, such that the Court was unable to determine their adequacy, individually or in combination, to reasonably assure the appearance of the Defendant as required at future proceedings; and

- The insufficiency of the two remaining affidavits of Steven Flores and Renee Laube, totaling $50,000.00, to reasonably assure the appearance of the Defendant as required at future proceedings.

In light of the above determination, the Court finds no need to reach the question whether there exists a condition or combination of conditions that reasonably would assure the safety of the community.

## III.

In reaching its decision, the Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

IT IS THEREFORE ORDERED that (1) the Application for review/reconsideration of order setting conditions of release/detention (ECF No. 63) is denied and (2) the defendant remain detained until sentencing in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in

1    custody pending appeal.  The defendant will be afforded reasonable opportunity

2    for private consultation with counsel.  On order of a Court of the United States or

3    on request of any attorney for the Government, the person in charge of the

4    corrections facility in which defendant is confined will deliver the defendant to a

5    United States Marshal for the purpose of an appearance in connection with a court

6    proceeding.  [18 U.S.C. § 3142(i)]

7

8    Dated: November 20, 2018              _____/s/_____

9                                         HON. MARIA A. AUDERO
                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5