**LAW OFFICE OF JEROME J. HAIG**
JEROME J. HAIG, Attorney at Law
State Bar No. 131903
21143 Hawthorne Boulevard, Suite 454
Torrance, California 90503
Telephone:  (424) 488-0686 – office
            (424) 999-5673 – mobile
Fax:        (424) 271-5990
E-mail:     jerome@jeromehaiglaw.com

Attorney for Defendant
Tyler Laube

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TYLER LAUBE, et al,<br><br>　　　　Defendants. | Case No: CR 18-759-CJC-3<br><br>DEFENDANT TYLER LAUBE'S MOTION TO WITHDRAW GUILTY PLEA AND DISMISS INDICTMENT |

TO: CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE; UNITED STATES ATTORNEY NICOLA T. HANNA AND ASSISTANT UNITED STATES ATTORNEYS DAVID RYAN AND GEORGE PENCE:

　　COMES NOW Defendant Tyler Laube, by and through his counsel of record, and moves to set aside his guilty plea to the single count of the indictment, and further moves to dismiss the indictment.

　　The motion is based upon the Court's authority to set aside a guilty plea prior to imposition of sentence, pursuant to Federal Rule of Criminal Procedure

1

11(d)(2)(B). This motion is made on the ground that the Court has dismissed the indictment against defendants Robert Rundo, Robert Boman, and Aaron Eason because the Anti-Riot Act, 18 U.S.C. § 2101, is unconstitutionally overbroad, in violation of the First Amendment, United States Constitution. (*See* Doc. No. 145.) The defendant incorporates by reference the arguments set forth in Defendant Robert Rundo, Robert Boman, and Aaron Eason's Joint Motion to Dismiss the Indictment (Doc. No. 134), and the oral argument on the hearing of the motion on June 3, 2019.

Dated:   June 4, 2019                    Respectfully submitted,


                                          */s/ Jerome J. Haig*
                                         Jerome J. Haig
                                         Attorney for defendant
                                         Tyler Laube

DEFENDANT TYLER LAUBE'S MOTION TO WITHDRAW GUILTY PLEA
AND DISMISS INDICTMENT

## PROCEDURAL HISTORY

Tyler Laube is charged by Indictment with Conspiracy to Commit a Crime, namely Rioting, in violation of 18 U.S.C. §§ 371 and 2101. On November 20, 2019, Mr. Laube pleaded guilty to the single count in the indictment. Sentencing is scheduled for August 12, 2019. The defendant is on bond.

Defendants Robert Rundo, Robert Boman, and Aaron Eason are charged in the same indictment with Conspiracy to Commit a Crime, namely Rioting, in violation of 18 U.S.C. §§ 371 and 2101 (Count 1), and Rioting, in violation of 18 U.S.C. § 2101 (Count 2).

On April 22, 2019, Defendants Robert Rundo, Robert Boman, and Aaron Eason filed a joint motion to dismiss all counts in the indictment, arguing, *inter alia*, that the Anti-Riot Act is unconstitutionally overbroad. (*See* Doc. No. 134.)

On June 3, 2019, the Court granted the moving defendants' motion to dismiss. All counts in the indictment were dismissed against the moving defendants. The defendant Robert Rundo and Robert Boman, who were in custody, were released forthwith; defendant Aaron Eason, who was out on bond, was discharged and his bond exonerated.

At the conclusion of the hearing on the motion to dismiss, the Court invited counsel for defendant Tyler Laube to submit a request for an order consistent with its ruling.

## MOTION

Defendant Tyler Laube requests that this Court grant his motion to withdraw the guilty plea to Count 1 of the Indictment, and further grant his motion to dismiss the Indictment on the same ground that it ruled on the co-defendants' joint motion to dismiss, namely that the Anti-Riot Statute in unconstitutionally overbroad in violation of the First Amendment.

## ARGUMENT

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty before sentence is imposed if he "can show a fair and just reason for requesting the withdrawal." District Courts have broad discretion in making such a determination. An intervening decision by the U.S. Supreme Court calling into question the validity of a defendant's indictment is but one similar example of a "fair and just reason" to allow withdrawal of a plea. (*See United States vo Ortega-Ascanio*, 376 F.3d. 879 (9th Cir. 2004).

This Court's ruling on the unconstitutionality of the statute to which the defendant pleaded guilty is a compelling reason that the plea should be set aside. Clearly, it would be manifestly unfair and unjust for Mr. Laube to remain convicted and subject to a sentence upon a statute that this Court has deemed unconstitutional.

DEFENDANT TYLER LAUBE'S MOTION TO WITHDRAW GUILTY PLEA AND DISMISS INDICTMENT

## CONCLUSION

For the reasons set forth herein and the reasons set forth in the Court's order dismissing the indictment against the co-defendants, Defendant Tyler Laube requests that the Court allow him to withdraw his guilty plea and then dismiss the indictment

Dated: June 4, 2019                              Respectfully submitted,


                                                 */s/ Jerome J. Haig*
                                                 Jerome J. Haig
                                                 Attorney for defendant
                                                 Tyler Laube