NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
GEORGE E. PENCE (Cal. Bar No. 257595)
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2253/4491
     Facsimile: (213) 894-2979
     E-mail:    george.pence@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00759-CJC-4 |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT TYLER LAUBE'S MOTION TO WITHDRAW GUILTY PLEA AND DISMISS INDICTMENT |
| v. | |
| TYLER LAUBE, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and the undersigned Assistant United States Attorneys, hereby files its Opposition to Defendant Tyler Laube's Motion to Withdraw Guilty Plea and Dismiss Indictment.

//

//

    This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 7, 2019                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       PATRICK R. FITZGERALD
                                       Assistant United States Attorney
                                       Chief, National Security Division


                                              /s/
                                       GEORGE E. PENCE
                                       DAVID T. RYAN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On November 20, 2019, defendant Tyler Laube pleaded guilty pursuant to a plea agreement to conspiracy to violate the Anti-Riot Act.  In his plea agreement, Defendant Laube admitted that he attended a Rise Above Movement ("RAM") combat training to prepare to engage in violent confrontations with protestors and other individuals at political rallies, and that he and several RAM members then assaulted protestors and other persons at a political rally in Huntington Beach, California.  (Dkt. 59 at 4-5.)

Defendant Laube now moves to withdraw his guilty plea and dismiss the Indictment in light of the Court's Order granting his co-defendants' Joint Motion to Dismiss the Indictment on the basis that the Anti-Riot Act is facially overbroad in violation of the First Amendment (the "Joint Motion").  (Dkt. 145.)  "A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.'"  United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004) (quoting Fed. R. Crim. P. 11(d)(2)(B)).  Although this standard "is applied liberally," it is clear that "defendant has the burden to show a fair and just reason for withdrawal of a plea."  Id.

The Indictment alleges that defendant Laube and co-defendants Robert Rundo, Robert Boman, and Aaron Eason conspired to violate the Anti-Riot Act, in violation of 18 U.S.C. § 371.  Specifically, the Indictment alleges that (1) defendants Rundo, Boman, and Eason recruited members to join RAM, which they represented as a combat-ready, militant group of a new nationalist white supremacy and identity movement, (2) defendants Rundo, Boman, and Eason coordinated

hand-to-hand and other combat training among RAM members and associates to prepare to engage in violence at political rallies, (3) defendant Laube attended at least one such training event for that purpose, and (4) defendants Laube, Rundo, Boman, and Eason then attacked attendees, protestors, and other persons at political rallies.  In furtherance of their conspiracy and as evidence of their agreement to engage in this violent conduct, the Indictment also alleged that defendants shared videos and photographs of themselves committing acts of violence at political rallies to recruit members for future events.

On November 20, 2018, defendant Laube pleaded guilty pursuant to a signed Plea Agreement.  Both in his Plea Agreement, and during his Rule 11 colloquy with the Court, defendant Laube admitted that he conspired to commit acts of violence at political rallies and actually committed violent assaults at one such rally.  The Plea Agreement set forth the factual basis for his guilty plea:

> Between January and April 2017, defendant associated with individuals involved in an organization originally known as the "DIY Division," that was later re-branded as the "Rise Above Movement" or "RAM."  RAM represented itself as a combat-ready, militant group of a new nationalist white supremacy and identity movement.  RAM regularly held hand-to-hand and other combat training for RAM members and associates to prepare to engage in violent confrontations with protestors and other individuals at political rallies.  RAM leaders organized the training sessions and attendance at political rallies through phone calls and text messages.  On March 15, 2017, defendant attended one such combat training event in San Clemente California.
>
> On March 25, 2017, defendant attended a political rally in Huntington Beach, California along with several RAM members.  At that event, defendant and several RAM members assaulted protestors and other persons.  Following that rally, RAM members used the Internet to post photographs and videos of assaults committed by defendant and other RAM members in order to recruit members to engage in violent confrontations at future events.

2

(Dkt. 59 at 4-6.)

In its Order granting the Joint Motion, the Court held that the Anti-Riot Act is overbroad under the First Amendment because it "criminalizes advocacy even where violence or lawless action is not imminent." (Dkt. 145 at 7.) As defendant Laube's Statement of Facts makes clear, however, he did not plead guilty to conspiring to violate the Anti-Riot Act by advocating violence, imminent or otherwise. Nor did he plead guilty to conspiring to encourage, promote, urge, or instigate others to riot. See 18 U.S.C. § 2101(a)(2). Along with his co-defendants, he personally prepared to commit violent assaults at riots, and then he committed violent assaults. Accordingly, he pleaded guilty to a conspiracy to use facilities of interstate commerce and take overt acts for the purpose of participating in, carrying on, and committing acts of violence in furtherance of riots. See 18 U.S.C. § 2101(A)(2), (3). Those provisions of the Anti-Riot Act, which proscribe conduct committed for the purpose of engaging in violence at riots, do not prohibit a substantial amount of protected expression.

For these reasons, as well as the reasons set forth in the government's opposition to the Joint Motion (Dkt. 137), and at the June 3, 2019 hearing on that motion, the Anti-Riot Act, and in particular the provisions of the Act on which this case is based, are not overbroad under the First Amendment. Accordingly, the government respectfully requests that the Court deny defendant Laube's Motion to Withdraw Guilty Plea and Dismiss Indictment.